IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN MUGO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| V. | § | No. 3:26-cv-997-K-BN |
| | § | |
| MARKWAYNE MULLIN, in his official | § | |
| capacity as Secretary of the Department | § | |
| of Homeland Security, ET AL., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER TRANSFERRING CASE

Petitioner John Mugo, currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the South Texas Detention Facility, in Pearsall, Texas, filed with the assistance of counsel and in the Dallas Division of this district an application for a writ of habeas corpus under 28 U.S.C. § 2241 and request for emergency declaratory and injunctive relief. *See* Dkt. No. 1.

Mugo paid the applicable filing fee. And this case was referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Mugo alleges that, although he "is currently detained at the South Texas Detention Facility, in Pearsall Texas, without a judicial warrant authorizing his arrest and detention, and without lawful authority," "[v]enue properly lies within the Northern District of Texas under 28 U.S.C. § 1391, because [he] is resident there and Respondents exercise custody in this District." Dkt. No. 1 at 2.

"In general, '[t]he only district that may consider a habeas corpus challenge to

present physical confinement pursuant to § 2241 is the district court in which the [petitioner] is confined.'" *Dada v. Witte*, Civ. A. No. 20-1093, 2020 WL 1674129, at *2 (E.D. La. Apr. 6, 2020) (quoting *United States v. McPhearson*, 451 F. App'x 384, 387 (5th Cir. 2011) (per curiam) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 442-43 (2004); *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001))).

And, "[i]n challenges to present physical confinement," the United States Supreme Court has "reaffirm[ed] that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent." *Padilla*, 542 U.S. at 439-40 (further noting that, "[i]f the 'legal control' test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition" but, "[a]s the statutory language, established practice, and our precedent demonstrate, that is not the case").

And a recent survey of immigration habeas cases undertaken in a similarly postured action confirmed that "the immediate-custodian rule is alive and well." *Aguilar v. Johnson*, No. 3:25-cv-1904-K-BN, 2025 WL 2099201, at *1-*2 (N.D. Tex. July 25, 2025) (collecting cases).

And, so, Mugo's allegations that venue is proper in Dallas are not consistent with the record and the established immediate-custodian rule that applies to this proceeding.

The Court may transfer a case filed in the wrong district or division "to any district or division in which it could have been brought." 28 U.S.C. § 1406(a); *see also id.* § 1631; *Middlebrooks v. Smith*, 735 F.2d 431, 432 (11th Cir. 1984) ("Section 1631

is analogous in operation to 28 U.S.C. §§ 1404(a) and 1406(a).").

The Court may raise this issue *sua sponte*. *See Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989).

And a magistrate judge may properly order that a case be transferred to another federal district or another division of the same court as a nondispositive matter under 28 U.S.C. § 636(b)(1)(A). *Cf. Franco v. Mabe Trucking Co.*, 3 F.4th 788 (5th Cir. 2021) (affirming order by magistrate judge, on pretrial management reference, transferring case under 28 U.S.C. § 1631 (but labeled by judge as 28 U.S.C. § 1406(a)) to another district for want of personal jurisdiction).

And, so, (1) because Mugo was physically detained at an ICE facility in Pearsall, Texas, located in Frio County, within the San Antonio Division of the Western District of Texas, *see* 28 U.S.C. § 124(d)(4), when this case was filed and (2) considering the exigent nature of the habeas relief sought, the Court ORDERS that this case be IMMEDIATELY TRANSFERRED to the San Antonio Division of the Western District of Texas under Sections 1406(a) and 1631.

SO ORDERED.

DATED: March 31, 2026

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 3 -